UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TWYLAH JAGIELO**<br>901 North Nelson Street<br>Arlington, VA 22203<br><br>    **Plaintiff**<br><br>    v.<br><br>**CARLOS M. GUTIERREZ,**<br>Secretary,<br>United States Department of Commerce<br>14th Street and Constitution Ave. NW<br>Washington, DC 20230<br><br>    **Defendant.** | **CIVIL ACTION NO.**_____<br><br><br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR
RETALIATION IN VIOLATION OF TITLE VII**

Plaintiff Twylah Jagielo, through counsel, brings this action against Defendant Carlos M. Gutierrez, Secretary of the United States Department of Commerce (the Agency), for retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e, et seq.

Ms. Jagielo claims that an Agency employee did not place her on the list of candidates for two positions at the Agency for which Ms. Jagielo was qualified and did not give her the 10-point Veterans' Preference to which she was entitled. This action was in retaliation for Ms. Jagielo's bringing previous Equal Employment Opportunities (EEO) complaints against the Agency.

**I.  PARTIES.**

1.    Twylah Jagielo is a citizen and resident of Virginia residing at 901 North Nelson Street in Arlington, Virginia.

2. Carlos M. Gutierrez, Secretary of Commerce, is the head of the United States Department of Commerce, an agency of the federal government within the meaning of 5 U.S.C. §§552a(a)(1) and 552(e). The Department of Commerce is located at 14th Street and Constitution Ave NW, Washington, DC 20230.

## II. JURISDICTION AND VENUE.

3. §706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5, provides this Court jurisdiction over the Defendant because the acts Ms. Jagielo alleges as retaliatory occurred at the Department of Commerce in Washington, D.C..

4. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1331.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

6. Ms. Jagielo properly exhausted her administrative remedies pursuant to 29 C.F. R. § 1614.407 (c).

## III. FACTS.

7. Ms. Jagielo is a Hispanic female born on April 16, 1951.

8. She served in the Army from 1978 to 1988. She was honorably discharged from the service.

9. In 1989 Ms. Jagielo began working at the Department of Commerce (Agency) as a Training Program Assistant in the National Income and Wealth Division. She was a GS-7.

10. As part of her application for employment with the Agency, Ms. Jagielo submitted a copy of her discharge papers, indicating that she was a disabled veteran.

11. In May 1994, Ms. Jagielo received a promotion to a GS-9 Training Program Coordinator in the same Division. In this position, Ms. Jagielo prepared and conducted training programs for foreign economists, statisticians and policy-makers.

12. From February 2002 until July 2003, the Agency reassigned Ms. Jagielo to a GS-9 Administrative Support Specialist in the Office of Procurement and Support Services.

13. In July 2003, Ms. Jagielo left the Agency and began a two-year fellowship with the Department of Labor, where she received a promotion to GS-11.

14. On November 19, 2002, the Agency announced (via Announcement No. DOCOIG03-04) two GS-9 Management and Program Analyst positions. These positions had GS-12 promotion potential.

15. The position announcement specified that a complete application should include: (1) documentation of one year of experience performing as a GS-7 or a transcript documenting completion of a master's degree; (2) four Knowledge, Skills and Abilities statements (KSAs); (3) a resume or other proof of job-related qualifications; and (4) any proof of preference, for example, a Veterans' preference.

16. Applicants claiming a 10-point Veterans' preference needed to attach an SF-15, "Application for 10-point Veterans' Preference," plus any other proof required.

17. Federal employees could apply through merit and competitive channels.

18. Ms. Jagielo applied for both positions through the merit and competitive channels.

19. Ms. Jagielo hand-delivered her applications to Mary Good, a Human Resource Specialist at the Agency.

20. Ms. Jagielo's applications included: (1) a current resume which detailed her qualifications about the GS-7 level and stated that she possessed a master's degree in Management and Supervision; (2) detailed answers to the four KSAs, including comments from past supervisors; (3) a recent performance evaluation, for which Ms. Jagielo received a bonus; and (4) documentation of Ms. Jagielo's Veteran status by Standard Form 50, Application for a 10-Point Veterans' Preference and a Notification of Personnel Action evidencing that Ms. Jagielo was entitled to a 10-point Veterans' preference. All Ms. Jagielo's personnel action forms at the Agency noted her 10-point Veterans' Preference.

21. Ms. Jagielo asked Ms. Good if any further information was necessary. Ms. Good responded that the application was complete.

22. Ms. Jagielo informed Ms. Good that she [Ms. Jagielo] had filed an EEO complaint concerning her current position.

23. Ms. Good looked a t Ms. Jagielo strangely and said that she would handle the situation.

24. Ms. Good reviewed Ms. Jagielo's application prior to ranking the candidates under the competitive channel. Ms. Good notes that Ms. Jagielo applied under the merit and competitive channels.

25. Ms. Good specifies that Ms. Jagielo submitted documentation for a Veterans' preference, but stated that she [Ms. Jagielo] failed to include a "DD 214 and VA letter," and therefore was not awarded the preference.

26. Ms. Good, however, did not mention the Notification of Personnel Action, which Ms. Jagielo provided with her application, which confirmed that the Agency had recognized her Veteran status.

27. Ms. Good never indicated whether she checked with Ms. Jagielo personally or examined Ms. Jagielo's personnel file to confirm Ms. Jagielo's Veteran status.

28. Ms. Good allegedly ranked Ms. Jagielo based on her KSAs.

29. Ms. Good did not award Ms. Jagielo any points for KSA four, claiming that Ms. Jagielo did not "address" this KSA in her application.

30. However, Ms. Jagielo provided a list of additional training that included references to teamwork training, the topic of the fourth KSA.

31. Ms. Jagielo also provided a narrative describing multiple examples of working with others in her previous positions at the Agency.

32. Ms. Jagielo also explained her extensive knowledge of international economics, which she obtained during her twelve (12) years of employment at the Agency.

33. Ms. Good did not mention these documents when claiming that Ms. Jagielo failed to address this KSA.

34. Ms. Good also evaluated Ms. Jagielo as a merit candidate. Ms. Good again noted that Ms. Jagielo applied through the merit and competitive channels.

35. After Ms. Good evaluated the applicants, she listed them on the Merit Program Certificate (MPC), naming only merit applicants, and the Delegated Examining Certificate (DEC), identifying only competitive applicants.

36. The MPC listed six candidates, including Ms. Jagielo.

37. The DEC for the first opening contained seven names. The DEC for the second opening contained five names. Neither listed Ms. Jagielo.

38. Had Ms. Jagielo received the 10-point Veterans' preference that she was entitled to, these points would have placed her on both DECs as a "best qualified" candidate. Ms. Jagielo's score, with the Veterans' preference, would have been no less than an eighty-eight (88), equal to the score of Donna Mattingly, one of the applicants the Agency hired.

39. The selecting official for these positions was Michael Sears, then Assistant Inspector General for Auditing at the Agency's Office of Inspector General.

40. Ms. Good claimed that she provided Mr. Sears with all three certificates, the MPC and the two DECs.

41. Mr. Sears does not recall seeing any names other than those on the DECs.

42. Mr. Sears never saw Ms. Jagielo's application for the two positions.

43. Mr. Sears signed the two DECs.

44. The MPC, however, is unsigned.

45. On January 13, 2003, Mr. Sears selected Leon T. Sampson, a black male for the first position.

46. On April 18, 2003, Mr. Sears selected Donna Mattingly, a white female, for the second position.

47. On December 29, 2003, Ms. Jagielo received notice that she was not selected for either position.

48. On February 4 and 5, 2004, Ms. Jagielo contacted the Human Resources Office at the Agency to discuss the selections. Human Resources referred Ms. Jagielo to Ms. Good.

49. Ms. Good confirmed that Ms. Jagielo was not selected.

50. Ms. Good informed Ms. Jagielo that neither selected candidate was Hispanic or a Veteran.

51. Ms. Good also informed Ms. Jagielo that both selected candidates has less experience than did Ms. Jagielo.

52. Ms. Good also told Ms. Jagielo that one selectee had only recently graduated from college.

### IV.  CAUSE OF ACTION

53. Ms. Jagielo incorporates by reference paragraphs 1 to 52.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-3(a), prohibits employers, including Federal agencies, from taking reprisal against an employee who takes action against "any practice made an unlawful employment practice."

55. Ms. Jagielo engaged in protected activity when she filed complaints concerning previous discrimination against her by the Agency.

56. Ms. Jagielo informed Ms. Good when the former applied for the two positions at the Agency that she had brought previous EEO complaints.

57. As a result, Ms. Good did not award Ms. Jagielo the Veterans' Preference Ms. Jagielo deserved.

58. Further, Ms. Good did not place Ms. Jagielo's name on the two DECs sent to Mr. Sears.

59. Ms. Jagielo never received consideration for the two positions at the Agency.

60. Ms. Good retaliated against Ms. Jagielo for exercising her rights under Title VII.

### V.  REQUEST FOR RELIEF.

WHEREFORE, Plaintiff Twylah Jagielo seeks the following relief:

1. Compensatory damages from the Defendant in the amount of $500,000.00.

2. Selection for one of the Agency positions for which the Agency never considered her, back pay, reinstatement to the Agency and promotion.

3. Reasonable attorney's fees and costs;

4. Any other relief this Court deems appropriate.

March 5, 2008                              Respectfully submitted,

*[signature]*

James R. Klimaski, #243543

*[signature]*

Lynn I. Miller, #941559
Klimaski & Associates, P.C.
1625 Massachusetts Ave. NW
Suite 500
Washington, DC 20036-2245
202-296-5600
Klimaski@Klimaskilaw.com
Miller@Klimaskilaw.com

***Attorneys for Twylah Jagielo***

## VERIFICATION

I, Twylah Jagielo, have read the above complaint and verify under penalty of perjury that the facts alleged are true to the best of my knowledge and belief.

Executed this _____5th_____ day of March, 2008.

_____
Twylah Jagielo

CIVIL COVER SHEET
Case 1:08-cv-00402-ESH   Document 1-2   Filed 03/05/2008   Page 1 of 2

JS-44
(Rev.1/05 DC)

08-402
ESH

## I (a) PLAINTIFFS
Twylah Jagielo (Arlington, VA)

88858

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Arlington
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James R. Klimaski, Lynn I. Miller
1625 Massachusetts Avenue NW -- Suite 500
Washington, DC  20036-2245
202-296-5600

## DEFENDANTS
Carlos M. Gutierrez, Secretary of Commerce

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00402
Assigned To : Huvelle, Ellen S.
Assign. Date : 3/5/2008
Description: Employ. Discrim.

JURY

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**                OR                ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. Sec. 2000e et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 500,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE Mar. 5, 2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.