UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TWYLAH JAGIELO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-402 (ESH) |
| ) | |
| **CARLOS M. GUTIERREZ,** ) | |
| **Secretary of the Department of** ) | |
| **Commerce,** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER

Pursuant to Federal Rule of Civil Procedure 8, the Department of Commerce hereby submits the following Answer to the plaintiff's Complaint. The Department of Commerce answers the numbered paragraphs in the Complaint as follows.

### I. PARTIES

1.  Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Complaint.

2.  Defendant denies the allegations in paragraph 2 of the Complaint, except Defendant admits that it maintains a facility at the address listed in paragraph 2.

### II. JURISDICTION AND VENUE

3.  Paragraph 3 of the Complaint contains a conclusion of law, to which no response is required.

4.  Paragraph 4 of the Complaint contains a conclusion of law, to which no response is required. However, defendant denies that this Court has subject matter jurisdiction pursuant to "29 U.S.C. § 1331."

5.      Paragraph 5 of the Complaint contains a conclusion of law, to which no response is required.  However, defendant denies that venue is proper in this case pursuant to 28 U.S.C. § 1391, as that statutory provision does not control venue in a case brought under 42 U.S.C. § 2000e.

6.      This paragraph contains a conclusion of law, to which no response is required.  Defendant avers, however, that plaintiff previously filed a formal complaint of retaliation against the Agency based on its decision not to select her for a vacant Management and Program Analyst position.  Defendant further avers that the Equal Employment Opportunity Commission found that it did not retaliate against plaintiff by declining to select her for this vacancy.

### III.  FACTS

7.      Defendant admits that, as set forth in its records, plaintiff's date of birth is April 16, 1951 and that plaintiff identifies herself as a Hispanic Female.

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.  Defendant further avers that, on December 23, 2002, plaintiff represented to Defendant that she served in the United States Army from 1977 to 1988, and not 1978 to 1988.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.  Defendant further avers that it has no record of plaintiff's employment prior to 1990.

10.     Defendant lacks sufficient knowledge or information to admit or deny the allegation in this paragraph.

11.     Defendant admits that it promoted Plaintiff to the GS-9 level in May 1994. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph.

12.     Defendant admits the allegation in paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff began working for the Department of Labor in July 2003. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph.

14.     Defendant admits that its Office of Inspector General issued a "Job Opportunity" (Announcement No. DOCOIG03-04) for a "Management & Program Analyst" position with an opening date of November 19, 2002. Defendant further admits that the "Target Grade" of the position announced is GS-12. Defendant denies that the Job Opportunity specified the number of positions to be filled.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Defendant admits that the Job Opportunity requires applicants who are claiming 10-point Veterans' Preference to submit a SF-15 Form "plus the proof required by that form."

17.     Defendant denies the allegations in paragraph 17 of the Complaint. Defendant further avers that the Job Opportunity permitted a "current career or career-conditional Federal employee or former Federal employee" to apply through both merit staffing and competitive procedures.

18.     Defendant admits the allegations in paragraph 18 of the Complaint.

19.     Defendant lacks sufficient knowledge or information to admit or deny the allegation in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20, except Defendant admits that plaintiff submitted a recent performance evaluation that reflected she received a bonus as a result of a recent performance evaluation.

21. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Complaint.

22. Defendant lacks sufficient knowledge or information to admit or deny the allegation in paragraph 22 of the Complaint.

23. Defendant lacks sufficient knowledge or information to admit or deny the allegation in paragraph 23 in the Complaint.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff submitted a SF-15 form and that Ms. Good determined that Plaintiff "failed to submit a DD-214 form and VA letter."

26. Defendant denies the allegations in paragraph 26 of the Complaint, except Defendant admits that Ms. Good did not reference in her review of plaintiff's application the "Notification of Personnel Action" submitted by her.

27. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

28. Defendant denies the allegations in paragraph 28 of the Complaint, except that Defendant admits plaintiff's score on the KSA's contributed to the overall score given to her application.

29. Defendant admits the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant admits that plaintiff submitted a one-page narrative concerning her experience in "International Economics." The remaining allegations contained in this paragraph are denied.

33. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph because Defendant is uncertain as to the meaning of the term "these documents."

34. Defendant admits the allegations in paragraph 34 of the Complaint.

35. Defendant admits the allegations in paragraph 35 of the Complaint.

36. Defendant admits the allegation in paragraph 36 of the Complaint.

37. Defendant admits the allegation in paragraph 37 of the Complaint.

38. Defendant admits that an additional 10 points on plaintiff's score would have given her a score of 88.

39. Defendant admits the allegation in paragraph 39 of the Complaint.

40. Defendant lacks sufficient knowledge or information to admit or deny the allegation in paragraph 40 of the Complaint.

41. Defendant lacks sufficient knowledge or information to form a belief about the allegations contained in this paragraph.

42. Defendant admits the allegation in paragraph 42 of the Complaint.

43. Defendant admits the allegation in paragraph 43 of the Complaint.

44. Defendant admits the allegation in paragraph 44 of the Complaint.

45. Defendant admits that it selected Leon T. Sampson, an African-American male, to fill one Management & Program Analyst position under Vacancy Announcement DOCOIG-03-04.

46. Defendant admits that it selected Donna Mattingly, a Caucasian female, to fill one Management & Program Analyst position under Vacancy Announcement DOCOIG-03-04.

47. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 47 of the Complaint at this time.

48. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 48 of the Complaint.

49. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 49 of the Complaint.

50. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 50.

51. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

52. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

### IV. CAUSE OF ACTION

53. Defendants responses to paragraphs 1-52 are incorporated by reference herein.

54. This paragraph contains a conclusion of law, to which no response is required.

55. This paragraph contains a conclusion of law, to which no response is required.

56. Defendant lacks sufficient knowledge or information to admit or deny the allegation in paragraph 56.

57. Defendant denies the allegation in paragraph 57 of the Complaint.

58. Defendant admits that plaintiff's name was not forwarded to the Selecting Official on the DEC's, but denies that her name was not placed on those certificates in retaliation for filing a prior EEO complaint.

59. Defendant denies the allegation in paragraph 59 of the Complaint.

60. Defendant denies the allegation in paragraph 60 of the Complaint.

## V. REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendant also asserts the following defenses.

### First Defense

The plaintiff has failed to state a claim upon which relief may be granted.

### Second Defense

The plaintiff has failed to exhaust her administrative remedies.

### Third Defense

The plaintiff has failed to mitigate her damages, if any.

### Fourth Defense

The relief sought by the plaintiff is prohibited or limited by statute. Defendant asserts all statutory limitations on the damages sought by the plaintiff, including 42 U.S.C. § 2000e-5(g)(2)(B).

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

                Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
May 9, 2008  (202) 616-5309