UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TWYLAH JAGIELO** <br><br> **Plaintiff** <br><br> v. <br><br> **CARLOS M. GUTIERREZ** <br> **Secretary of the U.S. Department of Commerce** <br><br> **Defendant** | May 23, 2008 <br><br> Case No. 1:08–cv– 402–ESH <br><br> Judge Ellen Segal Huvelle <br><br> Initial Scheduling Conference <br> June 2, 2008, 10:30 AM |

## LOCAL RULE 16.3
## JOINT MEET AND CONFER STATEMENT

Pursuant to the Court's March 25, 2008 Order, the parties met and conferred by telephone on May 12, 2008, and jointly prepared and submit this report regarding the Local Rule 16.3(c) matters discussed.

**Plaintiff's Statement of the Case:**

Plaintiff presents a case of discrimination and retaliation for previously filed EEO complaints with the Department of Commerce. She alleges the her application for positions with the Office of the Inspector General were scuttled by the Human Resources Office by refusing to fairly grade her qualifications and denying recognition of her ten point preference as a disabled veteran.

Though the Agency holds that Ms. Jagielo was properly considered for these positions and correctly denied her veterans preference when she failed to produce a copy of her discharge certificate, Ms. Jagielo contends that she complied with the regulation governing this matter by submitting an SF 50 document from the Agency itself recognizing her veterans preference points

— having worked with recognized veteran's preference for the Agency for almost 15 years by the time she made her application for these positions.

**Defendant's Statement of the Case:**

In November 2002, Twylah Jagielo applied for a Management and Program Analyst position at the Department of Commerce. At the time Jagielo submitted her application, she informed Mary Good, a Human Resource Specialist, that she had filed a discrimination complaint concerning her current position at the Department. Jagielo now alleges that Good retaliated against her based on her prior EEO activity in violation of Title VII of the 1964 Civil Rights Act. Specifically, Jagielo contends that Good did not award her a 10-point Veterans' Preference. However, the Department denied Jagielo the Veterans' Preference because she did not submit the appropriate supporting documentation, and not because of Jagielo's unsolicited statement that she had previously engaged in protected activity.

1. <u>Status of Dispositive Motions</u>: There are no pending dispositive motions. Plaintiff believes a jury trial will be necessary. Defendant believes this case will be properly resolved by a motion for summary judgment.

2. <u>Amended Pleadings, Additional Parties</u>: The parties do not anticipate adding third parties or amending the pleadings. The parties will work together to determine whether there are factual issues on which they can agree. Neither party anticipates resolving or narrowing the legal issues.

3. <u>Assignment to Magistrate Judge</u>:  Plaintiff is amenable to having this matter assigned to a magistrate judge.  Defendant does not agree to the assignment of this case to a magistrate judge.

4. <u>Settlement Possibilities</u>:  Neither Plaintiff nor Defendant believe there is a realistic possibility of settlement prior to the resolution of any dispositive motions.

5. <u>Alternative Dispute Resolution (ADR)</u>:  The parties do not believe that this case would benefit from ADR at this time.

6. <u>Dispositive Motions</u>:  Plaintiff does not believe this case can be resolved by summary judgment and proposes that dates and deadlines be set at the Scheduling Conference.  Defendant believes that this case will be properly resolved by a motion for summary judgment.  The parties propose that dispositive motions be filed by December 15, 2008.

7. <u>Initial Disclosures</u>:  The parties do not agree to dispensing with initial disclosures and agree to exchange this information within 30 days of the Court entering a scheduling order in this case.

8. <u>Discovery</u>:  Plaintiff and Defendant believe discovery can be completed by November 14, 2008, including 30 interrogatories and 30 document requests each, and 5 depositions per side.

9. <u>Experts</u>:  Neither party expects to use expert witnesses in this case.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not anticipate the need for bifurcation.

12. <u>Proposed Date for the Pretrial Conference</u>:  The parties agree that a pretrial conference should not be set until the Court has decided all dispositive motions.

13. <u>Trial Date</u>:  The parties agree that the trial date should be scheduled at the pretrial conference.

14. <u>Other Matters for Inclusion in a Scheduling Order</u>:  The parties are not aware of any additional matters that require inclusion in the scheduling order.

Respectfully submitted,

May 23, 2008

| FOR PLAINTIFF | FOR DEFENDANT |
|---|---|
| */s/ James R. Klimaski* | |
| JAMES R. KLIMASKI, #243543 | JEFFREY A. TAYLOR, # 498610 |
| LYNN I. MILLER, # 941559 | United States Attorney |
| KLIMASKI & ASSOCIATES, P.C. | |
| 1625 Massachusetts Avenue NW | |
| Washington, DC 20036 | RUDOLPH CONTRERAS, # 434122 |
| 202-296-5600 | Assistant United States Attorney |
| klimaski@klimaskilaw.com | |
| | */s/  Harry B. Roback* |
| | HARRY B. ROBACK, # 485145 |
| | Assistant United States Attorney |
| | United States Attorney's Office |
| | 555 4th Street NW |
| | Washington, DC 20530 |
| | 202-616-5309 |
| | Harry.Roback@usdoj.gov |

**Certificate of Service**

I certify that the foregoing *Joint Meet and Confer Statement* will be served to counsel for defendant in this case automatically on May 23, 2008, subsequent to properly filing this item in the approved electronic Portable Document Format (an Adobe PDF file) through this Court's Case Management and Electronic Case Filing notification system operated on a secure sector of this Court's website.

HARRY B. ROBACK, # 485145
Assistant United States Attorney
United States Attorney's Office
555 4th Street NW
Washington, DC 20530
Harry.Roback@usdoj.gov

      */s/ Jon Pinkus*
Jon Pinkus
Klimaski and Associates, PC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TWYLAH JAGIELO**<br><br>     Plaintiff<br><br>          v.<br><br>**CARLOS M. GUTIERREZ**<br>**Secretary of the U.S. Department of Commerce**<br><br>     Defendant | Case No. 1:08–cv– 402–ESH<br><br>Judge Ellen Segal Huvelle<br><br>Initial Scheduling Conference<br>June 2, 2006, 10:30 AM |

## SCHEDULING ORDER

It is, this _____ day of May, 2008, **ORDERED** that the following deadlines are set:

| | |
|---|---|
| Opening Discovery:<br>(The day of the scheduling conference) | June 2, 2008 |
| Exchange initial disclosures | _____ |
| Discovery Closes | November 14, 2008 |
| Dispositive Motions Deadline | December 15, 2008 |

It is also **ORDERED** that each party be allowed to serve up to 30 interrogatories, inclusive of sub-parts, upon each opposing party, up to 30 requests for production of documents upon each opposing party, and hold up to 5 depositions.

**SO ORDERED.**

_____    _____
Date                                                                Ellen Segal Huvelle
                                                                              United States District Judge


Copies to:

Counsel via the Court's CM/ECF notification.